

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00050-CR
_____

AMBER JEAN LONG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F14927

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After Amy Allen was killed in an altercation with Amber Jean Long, Long was charged with murdering Allen.[1]  A Marion County jury found Long guilty of the lesser-included offense of manslaughter,[2] "as included in the indictment," and assessed as her punishment eight years' imprisonment and a fine of $5,000.00.  The trial court entered a judgment of conviction in accordance with the jury's verdict.  The judgment also included an affirmative deadly-weapon (non-firearm) finding, and an assessment of $400.00 for court-appointed attorney fees.  On appeal, Long (1) challenges the sufficiency of the evidence supporting the assessment of court-appointed attorney fees, and (2) complains that the trial court erred by including a deadly-weapon finding.  Because we find that Long has forfeited her complaint regarding the deadly-weapon finding,[3] we affirm the trial court's judgment.  However, since the evidence was insufficient to support the assessment of court-appointed attorney fees, we modify the judgment and delete the assessment of attorney fees.

## I.      Long Forfeited Her Complaint Regarding the Deadly-Weapon Finding

In her second issue, Long asserts that the trial court erred by including an affirmative deadly-weapon finding in its judgment of conviction.  Long acknowledges that a jury may make an affirmative deadly-weapon finding by convicting a defendant in accordance with an indictment

---

[1]*See* TEX. PENAL CODE ANN. § 19.02(b)(2).

[2]*See* TEX. PENAL CODE ANN. § 19.04.

[3]Although a party does not have to object at trial in order to challenge the sufficiency of the evidence on appeal, *see Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004), Allen did not bring a sufficiency challenge to the deadly-weapon finding.

that expressly required a deadly-weapon finding.[4]  Nevertheless, she argues that the indictment in this case did not expressly require the jury to make a deadly-weapon finding in order to convict her and, therefore, that the trial court erred by including that finding in its judgment.

Generally, an error pertaining to a defendant's sentence or punishment may not be asserted on appeal unless she objected or otherwise raised the error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see* TEX. R. APP. P. 33.1(a).  A defendant's failure to timely object, or her acquiescence, may result in the forfeiture of her complaint.  *See Mercado*, 718 S.W.2d at 296.

In this case, the indictment charged Long with murder as follows:

[Long] did then and there, with intent to cause serious bodily injury to an individual, namely, AMY ALLEN, hereafter styled the complainant, commit an act clearly dangerous to human life that caused the death of the complainant by choking AMY ALLEN and/or striking her on the head with an unknown object, a deadly weapon.

The trial court's charge during the guilt/innocent phase of the trial allowed the jury to also consider the lesser-included offense of manslaughter and instructed the jury that it could convict Long of manslaughter if it found beyond a reasonable doubt that she "did recklessly cause the death of an individual, namely Amy Allen[,] by choking Amy Allen and/or striking her on the head with an

---

[4]"[A] court can determine that the trier of fact actually made an affirmative finding of a deadly weapon [if:]
  (1)    the indictment specifically alleged a 'deadly weapon' was used (using the words 'deadly weapon') and the defendant was found guilty 'as charged in the indictment;'
  (2)    the indictment did not use the words 'deadly weapon' but alleged use of a deadly weapon *per se* (such as a firearm); or
  (3)    the jury made an express finding of fact of use of a deadly weapon in response to submission of a special issue during the punishment stage of trial."
*Duran v. State*, 492 S.W.3d 741 (Tex. Crim. App. 2016) (citing *Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985)).

3

unknown object, a deadly weapon." The jury returned its verdict that Long was "guilty of the offense of Manslaughter as included in the indictment."

After the punishment hearing, the trial court proposed, and ultimately gave to the jury, a punishment charge that included the following instruction:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, she will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time the defendant may earn. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole.

This paragraph is derived from Section 508.145(d)(2) of the Texas Government Code, which only applies when a defendant is either convicted of certain specified offenses not applicable to this case, or when there is a finding that a deadly weapon was used in the commission of the offense. *See* TEX. CODE. CRIM. PROC. ANN. art. 42A.054(c), (d); TEX. GOV'T CODE ANN. § 508.145(d)(1)–(2) (Supp.).

By including this instruction in its punishment charge, the trial court indicated that it determined that the jury's guilty verdict included an affirmative deadly-weapon finding[5] and that the limitation on Long's eligibility for parole was the law applicable in this case. At the charge conference, Long specifically asked about the wording of this instruction, but did not object to its inclusion in the charge. Thus, Long failed to object and acquiesced to the inclusion of this instruction in the punishment charge. Consequently, Long forfeited her complaint regarding the

---

[5]When an indictment alleges that the defendant committed an offense with a deadly weapon, a jury verdict finding the defendant guilty of a lesser-include offense "as included in the indictment" constitutes a finding that the deadly-weapon allegation is true. *Compton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009).

affirmative deadly-weapon finding. *See Mercado*, 718 S.W.2d at 296.[6] We overrule Long's

second issue.[7]

---

[6]In *Mercado*, the appellant was charged with attempted murder and sentenced to five years' imprisonment. *Mercado*, 718 S.W.2d at 292. On appeal, the defendant argued that "the [trial court's deadly-weapon] finding was erroneous because it was entered after he gave notice of appeal and was, therefore, untimely and vindictive." *Id*. at 295. The Texas Court of Criminal Appeals held that "error, if any, was waived by appellant when he expressly acquiesced in the procedure used." *Id*. The Texas Court of Criminal Appeals described the procedure as follows:

> The record shows that on March 29, 1984, the jury found appellant guilty of attempted murder. After accepting the jury's verdict, the trial court ordered a pre-sentence investigation. On April 19, 1984, a proceeding was held in which the trial court pronounced appellant's sentence, denied his application for probation, gave credit for time already served in jail, and informed appellant of his right to appeal.
>
> Immediately thereafter in the same proceeding, the following occurred. Appellant's trial counsel gave oral notice of appeal. At the request of counsel, the court appointed another attorney to handle the appeal. The prosecutor stated that he would prepare the judgment and that there was "one other matter . . . to clear up." He then requested that the trial court make an affirmative finding that a deadly weapon was used. The court agreed to do so, and appellant's trial counsel expressly said that he had "no objections."

*Id*. at 295–96. In overruling defendant's vindictiveness claim, the Court of Criminal Appeals noted,

> As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court. In the instant cause, appellant did not just fail to object, but rather expressly acquiesced in the procedure used. We believe that he should not now be heard to complain that the procedure was vindictive.

*Id*. at 296 (citation omitted). Consequently, by stating that she had no objection to the parole law instruction, Long acquiesced to the deadly-weapon finding and thereby forfeited that claim for appeal.

[7]We note that some appellate courts have held that the defendant does not need to object in the trial court in order to argue on appeal that the final judgment improperly recites a deadly-weapon finding because the jury did not make that finding. *See Edwards v. State*, 21 S.W.3d 625, 626 n.1 (Tex. App.—Waco 2000, no pet.) (holding that the defendant's argument "that the court erred in entering a deadly weapon finding because the jury did not find that he used or exhibited a deadly weapon" was not forfeited by failure to object in the trial court); *Cobb v. State*, 95 S.W.3d 664, 666 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that failure to object does not forfeit complaint that "'the judgments in the cases merely recite that an affirmative finding of a deadly weapon has been entered,' rather than being in the form required by the Code of Criminal Procedure" because "the judgment was not prepared until after the end of the hearing, appellant could not have complained at the hearing about any alleged defect in the judgment").

However, in those cases, the event giving rise to the defendant's complaint occurred when the trial court entered the final judgment. Here, the event giving rise to Long's complaint initially did not arise when the trial court entered the final judgment, but rather when trial court charged the jury at punishment. As noted above, the trial court's parole law instruction presupposed that the jury had already made a deadly-weapon finding by its guilty verdict, and Long had no objection to the instruction. Accordingly, as in *Mercado*, Long's forfeiture resulted from her acquiescence to the procedure that resulted in the deadly-weapon finding, not from the trial court entering a deadly-weapon finding that the jury did not make. Consequently, we do not address the issue addressed in *Edwards* and *Cobb*. *But see Sanchez v. State*, No. 07-17-00063-CR, 2018 WL 3446256, at *2 (Tex. App.—Amarillo July 17, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that defendant's failure to raise constitutional claims arising from deadly-weapon finding were forfeited by not objecting to the trial court).

## II. The Judgment Must Be Modified

In its judgment, the trial court assessed Long $400.00 in court-appointed attorney fees. The certified bill of costs also reflects an assessment of $400.00 for "Court Appointed Attorney." In her first issue, Long challenges the sufficiency of the evidence supporting the assessment of court-appointed attorney fees and asks this Court to modify the trial court's judgment by deleting the assessment. The State has no objection to the modification requested by Long.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

In this case, Long was found to be indigent and was appointed an attorney. Consequently, she was presumed to remain indigent absent proof of a material change in her circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Since there was no evidence of a material change in her circumstances, and no finding that Long had the ability to pay attorney fees, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405

6

S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Therefore, we sustain Long's first issue.

Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Therefore, we modify the judgment and the bill of costs[8] to delete the assessment of attorney fees against Long. *See Zapata v. State*, 449 S.W.3d 220, 229–30 (Tex. App.—San Antonio 2014, no pet.).

## III.     Disposition

For the reasons stated, we modify the trial court's judgment and the bill of costs by deleting the assessment of attorney fees. As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     September 30, 2019
Date Decided:       October 4, 2019

Do Not Publish

---

[8]Court-appointed attorney fees set forth in a certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

7